UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAHIYM ABDUL WASI,

                              Plaintiff,

              -against-

TRANSUNION,

                              Defendant.

21-CV-9900 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Fahiym Abdul Wasi, of Brooklyn, New York, appears *pro se*, invokes the Court's

diversity jurisdiction, and asserts claims under "USC title 15 Section 1681, USC Title 15 section

1681s-2, and s-2(b) The Consumer Credit Protection Act Title VI – Public Law 91-508 – United

States Statutes at Large 84 stat 1127-1136 USC title 15 section 1681(i)." (ECF 2, at 3.) He sues

TransUnion and alleges that TransUnion has its principal place of business in Pennsylvania;

publicly available records show that TransUnion maintains its corporate headquarters in Chicago,

Illinois.[1] For the following reasons, the Court transfers this action to the United States District

Court for the Eastern District of New York.

Under the applicable venue statute, 28 U.S.C. § 1391(b), a federal civil action may be

brought in:

> (1) a judicial district in which any defendant resides, if all defendants are
> residents of the State in which the district is located; (2) a judicial district in
> which a substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the action is
> situated; or (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which any
> defendant is subject to the court's personal jurisdiction with respect to such
> action.

---

[1] TransUnion's website lists Chicago, Illinois as its corporate headquarters. *See* https://www.transunion.com/about-us/global-locations/north-america.

For venue purposes, a "natural person" resides in the federal judicial district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any federal judicial

district where it is subject to personal jurisdiction with respect to the civil action in question. *See*

28 § 1391(c)(1), (2). Also, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that
> is a corporation is subject to personal jurisdiction at the time an action is
> commenced, such corporation shall be deemed to reside in any district in that
> State within which its contacts would be sufficient to subject it to personal
> jurisdiction if that district were a separate State, and, if there is no such district,
> the corporation shall be deemed to reside in the district within which it has the
> most significant contacts.

§ 1391(d).

Plaintiff alleges that TransUnion has its principal place of business in Pennsylvania, and

public records show that its headquarters are in Illinois. Plaintiff does not allege any facts

suggesting that TransUnion resides in this district. Plaintiff also fails to allege any facts showing

that that a substantial part of the events or omissions giving rise to his claims arose in this federal

judicial district. Thus, venue is not proper in this court under Section 1391(b)(1) or (2).

Plaintiff does allege, however, that the events giving rise to his claims occurred where he

resides, in Brooklyn, Kings County, New York, which is within the Eastern District of New

York.[2] *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York under

Section 1391(b)(2). The Court therefore transfers this action to the United States District Court

for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

---

[2] Plaintiff alleges that TransUnion "violated US Law and the various laws stated above
[by] illegally and fraudulently report[ing] . . . [his] credit information incorrectly and maliciously
even after [P]laintiff gave a clear warning that . . . [TransUnion was] violating before initiating
the lawsuit." (ECF 2, at 4.)

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated:   December 6, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                      Chief United States District Judge